Hatch *v.* Potter *et ux.*

LEWIS HATCH, appellant, *v.* JOHN S. POTTER *et ux.*, appellees.

*Appeal from McHenry.*

To entitle papers, used upon a trial in the Circuit Court, to notice in the Supreme Court, they must either be copied into, or so specifically referred to by the bill of exceptions as to leave no reasonable doubt of their identity, and that the party intends to rely upon them in support of his case.

In point of law, it is immaterial whether a party who slanders his neighbor, designs or expects to be believed, or not. He cannot be permitted either carelessly or wantonly, to sport with the character of another, and then excuse himself upon the ground that he was not really in earnest, and did not intend that his auditors should credit his unfounded aspersions.

It is a well settled rule, that where a conversation is detailed by a witness, the party against whom the evidence is offered, is entitled to the whole conversation which occurred at the time.

When the speaking, or publication of slanderous words is once proved, malice is inferred. If the words are used in an unqualified manner, whether the speaker was in jest or earnest, whether he expected to be believed or disbelieved, the mischief is the same, and no legal distinction can be drawn in favor of the guilty party.

In an action of slander, the plaintiff may, in aggravation of damages, prove that the slander had been repeated at any time within the Statute of Limitations, even after the commencement of the suit.

CASE for slander in the McHenry Circuit Court, brought by the appellees against the appellant, and heard before the Hon. Richard M. Young and a jury, at the September term 1845. Verdict for the plaintiffs below for $425 damages.

The actionable words charged in the declaration to have been spoken, appear in the Opinion of the Court.

*J. Marsh*, and *I. G. Wilson*, for the appellant.

*J. B. Thomas*, for the appellees.

The Opinion of the Court was delivered by

PURPLE, J.* This was an action of *slander*, brought by the appellees against the appellant, in the Circuit Court of McHenry county.

---

*WILSON, C. J., and Justices LOCKWOOD and CATON did not sit in this case.

The declaration contains two counts, charging that the appellant, on the 21st day of July, and on divers other days, between that day and the commencement of the suit, spoke and published concerning the wife of Potter, the appellee, these words: "She slept with me one night before she was married, and I screwed her;" thereby imputing a charge of fornication. The appellant pleaded the general issue, and the cause proceeded to trial.

Three several bills of exceptions were taken upon the trial. By the first it appears, that the plaintiff in the Court below called one Huff as a witness, who testified in regard to the words charged in the declaration. On the cross examination, the appellant inquired of the witness without objection, whether the words spoken were spoken in earnest or by way of a joke. Witness replied that he did not know. The appellee's counsel then put the following inquiry to the witness: "Did the manner of the defendant in speaking the words indicate a desire to be believed or not?" and also, what was the impression made on his, witness', mind whether he desired to be believed or not. These questions were objected to by the appellant, the objection overruled and exceptions taken. The witness answered, that he supposed that appellant meant to be believed from what he gathered.

The second bill of exceptions shows, that on the trial of cause the appellant's counsel asked several witnesses the following questions:

"Did you, about the time of the conversation spoken of, hear the defendant give any explanation of his former language which you have mentioned? If so, what explanation did he give?

"Did you, about that time, hear the defendant say to yourself and the other persons present, when the conversation you have narrated occurred, that you had misunderstood him in what he had said of Mrs. Potter, and that he knew nothing against her?"

The answers to these questions were insisted upon as proper evidence to rebut the presumption of malice. The questions were objected to by the appellees, and the objection sustained by the Court, and the appellant excepted.

The plaintiff below also inquired of a witness, whether, from the manner of the defendant, (the appellant,) he was of opinion that he desired to be believed. The question was objected to, the objection overruled, and the appellant again *"excepted to the opinion of the Court in allowing the question to be asked and answered,"* but it does not appear what answer, if any, the witness gave.

The third bill of exceptions shows, that the appellees proved by one Henry D. Huff the speaking of the words charged in the declaration. The appellant then objected to the proof of the speaking of the words prior to the day mentioned in the declaration. The Court overruled the objection and appellant excepted, and appellees then proved another conversation occurring at the house of witness, in which appellant spoke actionable words as charged in the declaration. Appellants counsel then inquired of the witness, if the words were not spoken in a jest, and when the appellant was laughing. The witness having answered this question, appellees then asked the same question as before stated, whether the manner of appellant indicated that he intended to be believed, which, as before, was objected to, and the objection overruled. The appellees then proved other actionable words as charged spoken at other times and more than two conversations, the appellant objecting and excepting.

The bill of exceptions closes up by stating that " this bill of exceptions with the two others contains the history of the trial. The defendant moved for a new trial on the affidavits filed and the reasons assigned, which the Court overruled and defendant by his counsel excepted, &c."

Several affidavits in relation to the competency of one of the jurors, and also reasons for a new trial appear to be copied into the record, which, for the purposes of this decision, not having been made a part of the bill of exceptions, and not being necessarily a part of the record, cannot be considered. We have often and uniformly held that to entitle papers and proceedings of this character to notice in this Court they must either be copied into, or so specifically refer-

red to by the bill of exceptions as to leave no reasonable doubt of their identity, and that the party intends to rely upon them in support of his case.

The questions raised by the assignments of error, which we deem it important to notice, are

1. Whether the Court permitted the plaintiff below to give improper testimony, and

2. Whether proper testimony offered by the defendant below was rejected.

So far as any objection is urged in relation to the first point, it relates solely to the exception of the evidence permitted to be introduced of the opinions of witnesses, as to whether the appellant, from his manner, intended to be believed when he published the slanderous words. In point of law it is immaterial whether a party, who slanders his neighbor, designs or expects to be believed, or not. He cannot be permitted, either carelessly or wantonly, to sport with the character of another, and then excuse himself upon the ground that he was not really in earnest, and did not intend that his auditors should credit his unfounded aspersions. 2 Starkie's Ev. 464.

We may admit, for the sake of the argument, that this evidence was not strictly pertinent to the issue, and inquire how has the appellant been injured by it? Or could the verdict of the jury have been more favorable to him, if the same had been excluded?

True, there are various ways in which this inference may be rebutted. But where the words are used in an unqualified manner, whether the speaker was in jest or earnest, whether he expected to be believed or disbelieved, the mischief is the same, or so nearly so that no legal distinction can be drawn in favor of the party guilty of the wrongful act. And if the law were otherwise, I cannot understand how the appellant here could in any way be prejudiced by this testimony. The implication of law being, that when actionable words are proved to have been spoken, the party uttering them was impelled by malicious motives, it surely

could not injure him that a witness should express an opinion, that from his manner he seemed to be in earnest and to expect to be believed. From the matter contained in the first and third bill of exceptions, the appellant himself had given or offered evidence of the same character on cross examination of the appellees' witnesses, and had inquired of them in relation to the same subject matter about which they complain as improper. He asks if, when the words were spoken, he did not appear to be jesting, and the appellees follow up the inquiry by interrogating the same witnesses as to whether the appellant did not seem to be in earnest. In the second bill of exceptions, the inquiry seems to have been made on the part of the appellees alone. It is not distinctly stated whether the answer of the witness was given, but only that the question was allowed to be propounded, and an exception taken to the opinion of the Court in permitting it to be asked and answered. The answer is not given, consequently we cannot say that the appellant was thereby prejudiced.

Upon the second point, we are clearly of the opinion, that the testimony sought to be introduced by the appellant was properly rejected. We recognize to its fullest extent the well settled rule, that where a conversation is detailed by a witness, the party, against whom the evidence is offered, is entitled to the whole conversation which occurred at the time. The evidence offered here was not of other conversations occurring at the same, but about the same time. One of the interrogatories proposed is, "Did you, about that time, hear the defendant say to yourself and the other persons present when the conversation you have narrated occurred, that you had misunderstood him, &c?"

This interrogatory is peculiarly, and, I may say, somewhat adroitly couched. It evidently does not refer to the same conversation which the writings had detailed, but to another in the presence of the same persons about the same time; but how near, is left entirely to conjecture, in which the party attempts to exculpate himself, and rebut the presumption of malice by his own declarations, made perhaps

after he has been threatened with a prosecution, and after all the mischief and injury, which he could inflict upon the character of the injured party, had been sustained. Such a doctrine would open wide the door for the safe and speedy ruin of all private reputation, and at all times afford the calumniator a safe retreat behind the rampart erected by himself, from which to hurl his poisoned and destructive missiles.

But it is further objected in this case, that the Court decided incorrectly in permitting the appellees to prove, that the words charged in the declaration were published at a time anterior to the day laid in the declaration, and also that the words had been spoken in more than two different conversations. Surely in this there was no error. Having once proved their cause of action as charged in the declaration, it was perfectly competent and proper for them to show, in aggravation of the damages, that the slander had been repeated at any time within the Statute of Limitations, even after the commencement of the suit.

It has been contended in the argument, that some instructions asked for by the appellant's counsel were improperly refused; but, upon examination, it is found that exceptions to them, if made, have not been saved in the bill of exceptions, and, therefore, if they had been improperly withheld, it could not avail the party here.

The Court is of opinion that there is no error in the record. The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*